In re TANNER'S TRANSFER & STORAGE OF VIRGINIA, INC., Debtor.

TANNER'S TRANSFER & STORAGE OF VIRGINIA, INC., Plaintiff,

v.

Walker FLORANCE, Executor of the Estate of Elam L. Tanner, Jr., deceased, and Walker Florance, Attorney-at-Law and Partner of Florance, Gordon & Brown, and Florance, Gordon & Brown, and John W. Keiter, and Carol Keiter, Defendants.

Bankruptcy No. 80–00465.
Adv. No. 80–0122.

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

July 21, 1982.

John F. Ames, Richmond, Va., for debtor.

Donald M. Schubert, Goddin, Major, Schubert & Hyman, Richmond, Va., for John W. and Carol Keiter.

William D. Bayliss, Browder, Russell, Morris & Butcher, Richmond, Va., for Walker Florance, Executor, Walker Florance and Florance, Gordon & Brown.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

Tanner's Transfer & Storage of Virginia, Inc. ("Tanner's"), a debtor-in-possession, filed a complaint "for debt due and breach of fiduciary duty" against Walker Florance and John W. and Carol Keiter. The debtor conducts a moving and storage business in Richmond and Norfolk, Virginia. Underlying the complaint is liability of the debtor for unpaid federal and state payroll taxes in the amount of $250,000.00.

Walker Florance was executor of the estate of Elam L. Tanner, Jr., who had operated Tanner's as a sole proprietorship. Under the terms of the Will, Florance continued the business with Tanner's widow from 1961 to 1976. Florance incorporated the business in 1976 but held the stock himself until September 1, 1978 when he closed the estate and distributed the shares. John W. Keiter was an officer of Tanner's from the time of its incorporation in October 1976 through August 28, 1978. Keiter had been an employee of Tanner's from 1971, when the complaint alleges that Florance hired him to run the company's Richmond office. Carol Keiter is the wife of John W. Keiter.

The defendants assert as an affirmative defense that the complaint fails to state a claim upon which relief can be granted, which assertion the Court treats as a motion to dismiss. Fed.R.Civ.P. 12, as made applicable to bankruptcy proceedings by Rule 712, Rules of Bankruptcy Procedure.

Walker Florance argues for dismissal of the complaint on the grounds that: 1) the taxes in question are a valid obligation of Tanner's; 2) there is no allegation that Florance misappropriated for his personal benefit any of the debtor's funds; and 3) the fact that Florance failed to pay certain debts but paid others at a time when corporate assets were not sufficient to pay all comprises no more than an assertion that Florance permitted a preference to occur among Tanner's creditors, an action which would not give rise to a claim by the debtor against Florance.

John W. Keiter presents similar arguments for dismissal of the claim against him. Keiter argues that in the absence of any allegations that he misappropriated the debtor's funds for his own benefit or that funds were available to pay all the creditors, the claim charges only that Keiter effected a preference among the creditors of Tanner's and fails to state a viable cause of action against him under Virginia law.

At oral argument on the issues raised by the defendants, the debtor admitted that it could not show any connection between Carol Keiter and Tanner's beyond her being the wife of John W. Keiter and having worked occasionally as a temporary employee of the company for one or two days at a

time. Accordingly, the Court dismissed Carol Keiter as a defendant.

Tanner's does not dispute that it owes the debt involved here. Further, the complaint does not allege that funds were available to pay all of Tanner's creditors or that either Florance or Keiter diverted to personal use any corporate funds.

■ The time during which other creditors were paid while the United States of America and the Commonwealth of Virginia were not is outside the period during which such preferential payments would be recoverable under the Bankruptcy Code. 11 U.S.C. § 547. Except within bankruptcy, or in a general deed of assignment for benefit of creditors, or in situations of fraud or bad faith, corporate officers in Virginia may make preferences among creditors. *Bank of Commerce v. Rosemary and Thyme, Inc.*, 218 Va. 781, 239 S.E.2d 909 (1978) and cases cited therein; *see also* Va.Code § 55–80 (1981).

Virginia law does impose fiduciary duties on corporate officers and directors.

The authorities are agreed that a director of a private corporation cannot directly or indirectly, in any transaction in which he is under a duty to guard the interest of the corporation, acquire any personal advantage or make any profit for himself, and if he does so, he may be compelled to account therefor to the corporation.

*Trayer v. Bristol Parking*, 198 Va. 595, 603, 95 S.E.2d 224 (1956) *quoting Rowland v. Kable*, 174 Va. 343, 366, 6 S.E.2d 633 (1940).

■ The complaint does not allege that Walker Florance was either an officer or a director of Tanner's. As executor of the estate of Elam L. Tanner, Jr., however, he held all the stock of the debtor during the relevant period. Dominant, controlling or sole stockholders incur the same fiduciary responsibilities as directors and officers. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). This fiduciary obligation is "designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders." *Id.* at 307, 60 S.Ct. at 245.

■ The complaint here, however, fails to allege any conversion of the debtor's assets to the personal advantage of either Walker Florance or John W. Keiter. Assuming that either defendant or both of them had a fiduciary duty to the debtor, the complaint must allege a breach of that duty indicating, specifically, how each defendant breached said duty. Further, in the absence of any allegation of defalcation or that either defendant appropriated corporate funds unto himself, the complaint must set forth allegations of the impropriety of either or both defendants to show how they acted improperly considering the fact that the corporation lacked funds to pay all its creditors. The complaint fails to meet these requirements.

Accordingly, the Court grants the defendants' motions to dismiss this complaint; The Court further grants the plaintiff leave to amend its complaint within 20 days of the entry of the accompanying Order.